16-3493-cv
*Heath v. Banks, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand seventeen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                            *Circuit Judges.*

---

GEORGE HEATH,

        *Plaintiff-Appellant,*                     16-3493-cv

        v.

STEPHEN BANKS, SCHOOL SETTLEMENT HOME
ATTENDANT SERVICES CORP., BEJENA R. DUMAS,
ALESIA BROWN, MCCULLEN GROSS,

        *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**        George Heath, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**        Bartholomew T. Russo, Bamundo, Zwal & Schermerhorn, LLP, New York, NY.

---

[*] The Clerk of Court is directed to amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-appellant George Heath, proceeding *pro se*, appeals from the dismissal of his complaint for lack of standing. Heath asserted claims arising out of the breach of a settlement agreement. The District Court concluded that Heath could not sue to enforce the agreement because his mother, and not he, was a party to that agreement and he had been involved only through power of attorney, which terminated at her death. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal for lack of standing. *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 357 (2d Cir. 2016). A plaintiff bears the burden of alleging facts that establish standing. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). To establish constitutional standing, a plaintiff must show (1) an injury in fact, (2) causation between the injury and the offensive conduct, and (3) "a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (internal quotation marks and alterations omitted). Additionally, the "prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (internal quotation marks omitted). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (internal quotation marks omitted).

We affirm for substantially the reasons stated by the District Court in its well-reasoned September 30, 2016 decision. Heath was not a party to or an intended beneficiary of the settlement agreement. Because his ability to enforce his mother's rights, which was based on his status as his mother's guardian and holder of her power of attorney, terminated upon her death, he lacks standing to bring his causes of action. Accordingly, the District Court properly dismissed Heath's complaint for lack of standing, and properly declined to exercise supplemental jurisdiction over his remaining state law claims.

## CONCLUSION

We have reviewed all of the arguments raised by Heath on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 30, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2